UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:21-CV-01556-JWH (SHKx) | Date | October 31, 2022 |
| Title | *Pensmore Reinforcement Technologies, LLC v. Cornerstone Manuf. and Distrib., Inc.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Elsa Vargas for Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING *EX PARTE* APPLICATION (ECF NO. 89) AND STRIKING MOTION (ECF NO. 87) (IN CHAMBERS)**

Before the Court is the *Ex Parte* Application of Plaintiff Pensmore Reinforcement Technologies, LLC to Continue the Case Schedule and Summary Judgment Hearing by Three Months (the "Application").[1] Defendant Cornerstone Manufacturing and Distribution, Inc. filed an opposition.[2]

The Court has reviewed the Application and concludes that Pensmore's failure to comply with L.R. 7-19 compels its denial. First, Pensmore violated the technical requirements of that Local Rule by failing to advise Cornerstone "of the date and substance of the proposed ex parte application" and "to advise the Court in writing and under oath of efforts to contact other counsel and whether any other

---

[1]   Pl.'s *Ex Parte* Appl. to Continue the Case Schedule [ECF No. 89].
[2]   Def.'s Opp'n to *Ex Parte* Appl. [ECF No. 90].

counsel, after such advice, opposes the application." L.R. 7-19. The Application lacks a sworn statement demonstrating that those requirements have been met.[3]

Second, Pensmore has not met the substantive requirement demonstrating the propriety of *ex parte* relief. The Application fails to show that emergency relief is warranted in view of the circumstances presented and the existing case schedule. Accordingly, the Application is **DENIED**.

Separately, in reviewing the Application, the Court observes that Cornerstone's Motion for Partial Summary Judgment as to Invalidity (the "Motion") does not comply with the Court's currently applicable Revised Standing Order as it relates to summary judgment motions.[4] Accordingly, on its own motion, the Court **STRIKES** the Motion **without prejudice**; Cornerstone may refile it in compliance with the Revised Standing Order (*see* ¶ 12 and Appendix).

Counsel for both parties are **DIRECTED** to review the Revised Standing Order and to comply therewith before filing any motions for summary judgment.

In light of the rulings in this Order, as well as the parties' apparent agreement to continue the schedule in this case by four weeks, the Court **DIRECTS** the parties to meet and confer and to file a stipulation and proposed order to continue the dates in this case as agreed. The Court observes that the substantive motions cutoff is set for March 17, 2023, so plenty of time remains for each party to file a summary judgment motion, if that party so chooses. After reviewing Cornerstone's anticipated re-filed invalidity motion, if Pensmore believes that it still lacks specific information needed to respond, then Pensmore should consider whether it can meet the requirements of Rule 56(d) of the Federal Rule of Civil Procedure, and, if so, whether it should make that showing in responding to the motion.

---

[3] *See* Decl. of Yafeez S. Fatabhoy [ECF No. 89-1] (declaration lacking compliance attestation); *see also id.*, Exhibit 1 [ECF No. 89-2] (email discussion omitting any reference to potential *ex parte* application and these requirements).

[4] *See* Mot. for Partial Summary J. [ECF No. 87].

For the reasons stated, the Application is **DENIED** and the Motion is **STRICKEN**.

**IT IS SO ORDERED.**